**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

**Civil Case No. SAG-21-3257**

| | |
|---|---|
| **IN RE SUBPOENAS ISSUED TO PETER ANGELOS LAW, P.C., in** *IN RE BESTWALL, LLC,* **CASE NO. 3:17-BK-31795-LTB, PENDING IN THE BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA.** | ) ) ) ) ) ) |

**BRIEF IN SUPPORT OF PETER ANGELOS LAW, P.C.'S MOTION TO QUASH OR MODIFY BESTWALL LLC'S SUBPOENA DUCES TECUM AND SUBPOENA AD TESTIFICANDUM**

Peter Angelos Law, P.C., (the "Law Firm") files this Brief in Support of its Motion to Quash or modify the *subpoena duces tecum* ("Document Subpoena") attached hereto as **Exhibit A**, and *subpoena ad testificandum* ("Deposition Subpoena," and together with the Document Subpoena, the "Subpoenas"), attached hereto as **Exhibit B**.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………………………..2

INTRODUCTION …...……………………………………………………………………………4

ARGUMENT ……………………………………………………………………………………..5

    I.    The Subpoenas are Improper Because the Law Firm is not a Party to a Contested Matter ...............................................................................................................................5

    II.    The Subpoenas Should Be Quashed Because They do not Comply With Federal Rules 26 and 45...………………………………………………………………………7

        A.  The Subpoenas Seek Discovery from Opposing Counsel………………...8

        B.  The Subpoenas Impose Undue Burden on the Law Firm………………...10

        C.  The Subpoenas Seek Information Beyond the Scope of Federal Rule 26…………………………………………………………………………...13

            i.    Trust and Settlement Information…………………………………13

           ii.    Rule 2019 Statements……………………………………….......17

          iii.    Evidence of Exposure …………………………………….........19

          iv.    Dahlgren Information ……………………….…..……..……........22

CONCLUSION …………………………………………………………………………………..24

# TABLE OF AUTHORITIES

Page(s)

Cases

Asbury v. Litton Loan Servicing, LP,
  2009 WL 973095,& n.4 (S.D.W. Va. Apr. 9, 2009) ....................................................9

Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee v. Congoleum Corp.,
  321 B.R. 147 (D.N.J. 2005) ......................................................................................18

Bierman Family Farm, LLC v. United Farm Family Ins. Co.,
  2017 WL 3311206 (D. Md. Aug. 2, 2017)...........................................................7, 24

Brown v. Mountainview Cutters, LLC,
  2016 WL 3045349 (W.D. Va. May 27, 2016) ...........................................................12

Coleman v. D.C.,
  284 F.R.D. 16 (D.D.C. 2012)......................................................................................8

Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.,
  237 F.R.D. 215 (D. Neb. 2006) ...................................................................................9

Ferguson v. Lorillard Tobacco Co.,
  2011 WL 5903453 (E.D. Pa. Nov. 22, 2011)............................................................17

Hemphill v. San Diego Ass'n of Realtors, Inc.,
  225 F.R.D. 616 (S.D. Cal. 2005)................................................................................15

Hickman v. Taylor,
  329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ......................................................8

In re Asbestos Prod. Liab. Litig. (NO. VI), No.,
  2009 WL 6869437 (E.D. Pa. Sept. 18, 2009) ...........................................................17

In re Bestwall LLC,
  2021 WL 2209884 (D. Del. June 1, 2021)...........................................................15, 16

In re Correra,
  589 B.R. 76 (Bankr. N.D. Tex. 2018) .........................................................................6

In re Dennis,
  330 F.3d 696 (5th Cir. 2003)......................................................................................24

In re Emp. Background Investigations, Inc.,
  2017 WL 3722836 (D. Md. Aug. 29, 2017)................................................................7

In re Grand Jury,
  102 F.3d 748 (4th Cir. 1996)......................................................................................15

In re Jee,
  104 B.R. 289 (Bankr. C.D. Cal. 1989)........................................................................6

In re Marathe,
  459 B.R. 850 (Bankr. M.D. Fla. 2011) .......................................................................6

In re Motions for Access of Garlock Sealing Techs. LLC,
  488 B.R. 281 (D. Del. 2013) ......................................................................................19

In re Murray,
  620 B.R. 286 (Bankr. E.D. Mich. 2020) .....................................................................6

In re Owens Corning Armstrong World Indus., Inc.,
  560 B.R. 229 (Bankr. D. Del. 2016) ..........................................................................19

In re Patel,
   2017 WL 377943 (Bankr. N.D. Ga. Jan. 26, 2017) ........................................................5, 6, 7
In re Philadelphia Newspaper, LLC,
   422 B.R. 553 (Bankr. E.D. Pa. 2010)......................................................................................18
In re Subpoena Issued to Dennis Friedman,
   350 F.3d 65 (2d Cir. 2003)........................................................................................................8
In re Teknek,
   512 F.3d 342 (7th Cir. 2007)......................................................................................................6
James Julian, Inc. v. Ratheon Co.,
   93 F.R.D. 138 (D. Del. 1982)...................................................................................................22
Jones v. Singing River Health Sys.,
   2016 WL 2851332 (S.D. Miss. May 13, 2016)........................................................................14
LLC v. Deutsche Telekom AG,
   2010 WL 11556702 (D. Md. Mar. 29, 2010).............................................................................9
Matter of UNR Indus., Inc.,
   20 F.3d 766 (7th Cir. 1994)......................................................................................................18
Monster Energy Co. v. Vital Pharm, Inc.,
   2020 WL 2405295 (C.D. Cal. Mar. 10, 2020) ...................................................................6, 8, 9
N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,
   117 F.R.D. 83 (M.D.N.C.1987) ..................................................................................................9
Nguyen v. Excel Corp.,
   197 F.3d 200 (5th Cir. 1999).....................................................................................................8
Pamida, Inc. v. E.S. Originals, Inc.,
   281 F.3d 726 (8th Cir. 2002).....................................................................................................9
Patsy's Italian Rest., Inc. v. Banas,
   2007 WL 174131 (E.D.N.Y. Jan. 19, 2007) .............................................................................9
Rygg v. Hulbert,
   2013 WL 264762 (W.D. Wash. Jan. 23, 2013) .........................................................................9
S.E.C. v. SBM Inv. Certificates, Inc.,
   2007 WL 609888 (D. Md. Feb. 23, 2007) ................................................................................9
Schaaf v. SmithKline Beecham Corp.,
   233 F.R.D. 451 (E.D.N.C. 2005) .............................................................................................12
Shelton v. American Motors Corp.,
   805 F.2d 1323 (8th Cir. 1986).........................................................................................8, 9, 10
Shepherd v. Pneumo-Abex, LLC,
   2010 WL 3431633 (E.D. Pa. Aug. 30, 2010)..........................................................................17
Sheppard v. Liberty Mut. Ins. Co.,
   2017 WL 318470 (E.D. La. Jan. 23, 2017) .............................................................................16
Sporck v. Peil,
   759 F.2d 312 (3d Cir. 1985).....................................................................................................22
Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.,
   2013 WL 12241621 (D. Md. Feb. 25, 2013) .............................................................................9
Virginia Dep't of Corr. v. Jordan,
   921 F.3d 180 (4th Cir. 2019)..............................................................................................11, 13
Virginia Dep't of Corr. v. Jordan,
   2017 WL 5075252 (E.D. Va. Nov. 3, 2017) ...........................................................................12

Wyoming v. U.S. Dep't of Agric.,
   208 F.R.D. 449 (D.D.C. 2002) .................................................................................................12

**Rules**

Fed. R. Bankr. P. 9016 .................................................................................................5, 6, 15

Fed. R. Bankr. P. 2004 .................................................................................................. Passim

Fed. R. Bankr. P. 2019 .................................................................................................. Passim

Fed. R. Civ. P. 45 ......................................................................................................... Passim

Fed. R. Civ. P. 26 ......................................................................................................... Passim

## <u>INTRODUCTION</u>

The Law Firm asks this Court to quash, or in the alternative, to modify, the Subpoenas issued by Bestwall on December 9, 2021 and received by the Law Firm on that same date. As set out more fully below, the Subpoenas are objectionable on several grounds based on the applicable rules and case law. As a threshold matter, the Subpoenas were issued to the Law Firm, a non-party to the underlying bankruptcy case (the "Bankruptcy Case"), without authorization by the Bankruptcy Court as required by Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). During a meet and confer between counsel on December 30, 2021, counsel for Bestwall indicated that the Subpoenas were related to the discovery of asbestos trust claims information relevant to forthcoming estimation proceedings in the Bankruptcy Case; however, the Law Firm is not a party to that contested matter.

Even if they were validly issued, the Subpoenas should be quashed or modified because they are noncompliant with the requirements of Federal Rules 26 and 45, including the protections afforded to nonparties under those rules.  Bestwall improperly seeks discovery from opposing counsel without showing that the information sought is otherwise not available, is not privileged, and is vital to its case.  The Subpoenas further impose an unreasonable burden on the Law Firm

due to the scope of the document requests and deposition topics, much of which is unrelated to trust claims. Bestwall has failed to demonstrate that the information that it seeks is in compliance with Federal Rule 26(b)(1) and is "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Subpoenas do not comply with Federal Rule 45 because they: (a) seek privileged or confidential material from the Law Firm, see Fed. R. Civ. P. 45(d)(2); and (b) make no effort to avoid undue burden and expense to the Law Firm, see Fed. R. Civ. P. 45(d)(1). The Deposition Subpoena failed to include a witness fee, as required by Fed. R. Civ. P. 45(b)(1), though counsel for Bestwall indicated during the meet and confer that the requisite fee would be tendered.

## ARGUMENT

**I.    The Subpoenas are Improper Because the Law Firm is not a Party to a Contested Matter.**

The plain language of Federal Rule 45 permits an attorney to issue and sign a subpoena if the attorney is authorized to practice in the issuing court. Fed. R. Civ. P. 45(a)(3). However, in the bankruptcy context, federal courts interpret the plain language of Federal Rule 45, in concert with the relevant Federal Rules of Bankruptcy Procedure, to require either: (1) an adversary proceeding or contested matter pending before the Bankruptcy Court involving the subpoenaed party; or (2) an Order under Bankruptcy Rule 2004, obtained by the moving party, authorizing the issuance of the subpoena.[1] In re Patel, No. 16-65074-LRC, 2017 WL 377943, at *2 (Bankr. N.D.

---

[1] Pursuant to Bankruptcy Rule 2004(c), "[t]he attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for

Ga. Jan. 26, 2017) ("[U]nder a plain reading of Federal Rule 45 and Rules 9002(1), 9016, and 2004, to obtain a subpoena for production of documents, a party in interest must either be a party to an adversary proceeding, contested petition, or contested matter, or, when there is no litigation pending, have obtained a Rule 2004 order."); see In re Murray, 620 B.R. 286, 287 (Bankr. E.D. Mich. 2020) (creditor was required to obtain an order under Bankruptcy Rule 2004 authorizing the issuance of a *subpoena duces tecum* to nonparty where there was no pending adversary proceeding or contested matter) (citing Patel, 2017 WL 377943, at *2).

Here, Bestwall did not obtain an Order allowing a Rule 2004 examination.  During the meet and confer, counsel for Bestwall stated that the Subpoenas relate to an estimation proceeding in the Bankruptcy Case.  However, this representation does not validate the Subpoenas since the Law Firm is not a party to that contested matter, or any other pending adversary proceeding or contested matter before the Bankruptcy Court.  See Monster Energy Co. v. Vital Pharm., Inc., Case No. 5:18-cv-01882-JGB (SHKx), 2020 WL 2405295, at *1 (C.D. Cal. Mar. 10, 2020) (defining the subpoenas for depositions and production of documents on former opposing counsel to a litigation party as "Non-Party Subpoenas").  A "non-party" is any person or entity other than a "party" to a bankruptcy case, which courts have defined as: (i) debtors; (ii) creditors that have filed a proof of claim; or (iii) persons that have received proper service in a contested matter or an adversary proceeding and that may have information that relate to a debtor's assets or liabilities. See, e.g., In re Teknek, 512 F.3d 342, 344-46 (7th Cir. 2007); In re Correra, 589 B.R. 76, 111 (Bankr. N.D. Tex. 2018); In re Marathe, 459 B.R. 850, 859-60 (Bankr. M.D. Fla. 2011); In re Jee, 104 B.R. 289, 293 (Bankr. C.D. Cal. 1989).  It is indisputable that the Law Firm is not a party to

---

the attendance of witnesses at a hearing or trial."  Fed. R. Bankr. P. 2004(c) (emphasis added). Bankruptcy Rule 9016 states that Federal Rule 45 "applies in cases under the [Bankruptcy] Code." Fed. R. Bankr. P. 9016.

the estimation hearing, or any other adversary hearing or contested matter pending before the Bankruptcy Court.

In the absence of a pending adversary proceeding or contested matter, Bestwall was required to seek and obtain an Order of the Bankruptcy Court pursuant to Bankruptcy Rule 2004 which authorized the issuance of the Subpoenas to the Law Firm, and plainly, that has not been done. See, e.g., Patel, 2017 WL 377943, at *2. As a threshold matter, Bestwall has failed to follow the procedural requirements necessary to issue the Subpoenas. Accordingly, the Court should quash the Subpoenas.

## II.   The Subpoenas Should Be Quashed Because They do not Comply with Federal Rules 26 and 45.

The Subpoenas should also be quashed because they disregard the requirements of Federal Rules 26 and 45. "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." In re Emp. Background Investigations, Inc., No. 8:17-CV-261-JDW-MAP, 2017 WL 3722836, at *4 (D. Md. Aug. 29, 2017) (citing Bierman Family Farm, LLC v. United Farm Family Ins. Co., ADC-17-0004, 2017 WL 3311206, at *3 (D. Md. Aug. 2, 2017)). Federal Rule 26 allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The discovery requests do not meet the standard stated in the rule.[2]

---

[2] Given the large scope and wide breadth of the discovery requests, the Law Firm may not be aware of, and therefore has not asserted, all applicable objections to the Subpoenas, including but not limited to, those based on privileges. Accordingly, the Law Firm reserves the right to assert any

**A.  The Subpoenas Seek Discovery From Opposing Counsel.**

By way of the Subpoenas at issue, Bestwall seeks to depose and obtain documents from the Law Firm that has served, and presently appears, as opposing counsel in tort litigation involving asbestos claims.  See Affidavit of Armand J. Volta, Jr. (the "Volta Affidavit") submitted herewith, ¶¶ 3-4.  "Courts have been especially concerned about the burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests, and have resisted the idea that lawyers should routinely be subject to broad discovery."  In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 70 (2d Cir. 2003) (citing Hickman v. Taylor, 329 U.S. 495, 506–14, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).  Following this general principle, it has been noted that "depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances."  Nguyen v. Excel Corp., 197 F.3d 200, 209 (5th Cir. 1999); see Coleman v. D.C., 284 F.R.D. 16, 18 (D.D.C. 2012) (stating that "[c]ourts … presume that deposing opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the deposition to show otherwise.") (citing, inter alia, Shelton, 805 F.2d at 1327; Nguyen, 197 F.3d at 208–09).

The decision in Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), established a test for deposing opposing counsel and has been cited by district and bankruptcy courts all over the country in determining the propriety of such depositions.  See Monster Energy, 2020 WL 2405295, at *7.  Under Shelton, to authorize a deposition of opposing counsel, there must be: (i) no other possible means of obtaining the information sought; (ii) the information must

---

additional bases for its objections, including those based on privileges, to the Subpoenas upon a response or other communication from Bestwall that clarifies its requests.

be relevant and nonprivileged; and (iii) the information must be crucial to the deposing party's case.  805 F.2d 1327.

While the Shelton test has never been formally adopted by the United States Court of Appeals for the Fourth Circuit, "[d]istrict [c]ourts within the Fourth Circuit have applied the Shelton standard and standards very similar."  Tech. Pats. LLC v. Deutsche Telekom AG, No. CV AW-07-3012, 2010 WL 11556702, at *2 (D. Md. Mar. 29, 2010) (citing Asbury v. Litton Loan Servicing, LP, No. CIV.A. 3:07-0500, 2009 WL 973095, at *1, 3 & n.4 (S.D.W. Va. Apr. 9, 2009); S.E.C. v. SBM Inv. Certificates, Inc., No. CIV A DKC 2006-0866, 2007 WL 609888, at *26 (D. Md. Feb. 23, 2007); and N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83 (M.D.N.C.1987)); see Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc., No. CV ELH-10-2091, 2013 WL 12241621, at *2 (D. Md. Feb. 25, 2013) (applying the first and third factors of the Shelton test).[3]

Courts that apply the Shelton test to deposition discovery also routinely apply the same analysis to documentary discovery.  See Monster Energy, 2020 WL 2405295, at *8 (citing Patsy's Italian Rest., Inc. v. Banas, No. 06-cv-00729 (DLI) (RER), 2007 WL 174131, at *2-4 (E.D.N.Y. Jan. 19, 2007) and Rygg v. Hulbert, No. C11-1827 JLR, 2013 WL 264762, at *1 (W.D. Wash. Jan. 23, 2013)).

---

[3] The decision in Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726 (8th Cir. 2002), does not preclude application of the Shelton test to this case simply because the cases involving the Selected Plaintiffs have been settled and closed.  The information that Bestwall is seeking arises from the Law Firm's involvement in those cases as trial counsel and involves legal decisions and work product created during the course of the Law Firm's representation.  Those same analyses and work product would be relevant to the pending claims of other claimants as well as the estimation thereof.  See Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc., 237 F.R.D. 215, 219–20 (D. Neb. 2006) (applying the Shelton test to subpoenas of former general counsel, who was previously involved in formulating litigation strategies, and quashing deposition and document subpoenas).

The <u>Shelton</u> test creates a strong presumption *against* deposing or seeking documents from opposing counsel, who are not only not parties to proceedings, but also due to the disruption of the adversarial legal system, the lowering of the standards of professional practice, the time and cost burdens of compliance, and the damage to the attorney-client relationship.  <u>Shelton</u>, 805 F.2d at 1327.  As set forth below, the Subpoenas seek information from the Law Firm regarding trust claim forms, which Bestwall has already sought by subpoenas to the trusts themselves.  The Subpoenas seek confidential and privileged information related to settlements and settlement negotiations.  The Subpoenas seek Rule 2019 Statements either available on the public record or only available from clerks of court pursuant to specific court orders.  The Subpoenas seek opposing counsel's litigation files to review all evidence supporting the Selected Plaintiff's cases in tort, information already provided in discovery, or information on the public record.  Finally, the Subpoenas seek information about articles available from the third parties involved in creating those articles.  Bestwall cannot satisfy the <u>Shelton</u> test or the requirements of discovery under Federal Rules 26 or 45.  Accordingly, the Court should quash the Subpoenas issued to the Law Firm.  Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii).

### B.  The Subpoenas Impose Undue Burden on the Law Firm.

As a nonparty to the Bankruptcy Case, the Law Firm is protected by the federal rules and applicable case law from undue burden or expense imposed by compliance with the Subpoenas. As explained by the United States Circuit Court of Appeals for the Fourth Circuit

> A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty "subjects a person to undue burden" and must be quashed or modified. As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. But courts must give the recipient's nonparty status "special weight," leading to an even more "demanding and sensitive" inquiry than the one governing discovery generally.

<u>Virginia Dep't of Corr. v. Jordan</u>, 921 F.3d 180, 189 (4th Cir. 2019) (citations omitted).

The Law Firm objects to all of the information sought in both Subpoenas because they disregard the requirements of Federal Rules 26 and 45.  The "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. Pro. 45(d)(1).  Bestwall has not taken reasonable steps to avoid undue burden. For example, there is no time frame, whatsoever, to limit the production or disclosure of any of the information sought by way of these Subpoenas.

As shown by the Volta Affidavit, compliance with the Subpoenas will impose significant "undue burden [and] expense" on the Law Firm.  The Subpoenas are overbroad and unreasonable because:

- None of the "Selected Plaintiffs" named in the Subpoenas are claimants in the Bestwall bankruptcy. ¶ 5.

- All of the claims asserted by the "Selected Plaintiffs" have been resolved years ago, some as early as 2010. <u>Id</u>.

- Some of the lawyers and staff members who worked on these cases are no longer with the Law Firm; thus, the information known to these people is no longer available to the Law Firm.  ¶ ¶ 7, 11.

- Much of the requested information is privileged work product involving communications between lawyers working on the cases and client communications

(¶ 8), which would require considerable effort and expense to review such information and prepare a privilege log.

- Much of the requested information would be contained in various formats and would require use of a vendor to sort through electronically stored information (ESI) at considerable cost to the Law Firm. ¶¶ 9, 10.

- The Law firm has changed data management platforms a number of times during the period covered by the Subpoenas, and thus it is not known whether all of the requested information is even available, but it would take considerable time and expense to determine what information may be available and what is responsive to the Subpoenas.  ¶ 10.

The cases for the "Selected Plaintiffs" listed in the Subpoenas were filed, litigated, and/or settled by the Law Firm over the course of more than twelve years.  Volta Affidavit, ¶ 5.  Among other factors, courts consider the time period covered by subpoenas in assessing undue burden. Virginia Dep't of Corr. v. Jordan, No. CV 3:17MC02, 2017 WL 5075252, at *20 (E.D. Va. Nov. 3, 2017), aff'd, 921 F.3d 180 (4th Cir. 2019) (citing Wyoming v. U.S. Dep't of Agric., 208 F.R.D. 449, 452–53 (D.D.C. 2002) (discussing factors that courts consider in assessing undue burden, including "relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed.").  Indeed, federal courts routinely quash or modify subpoenas seeking a large quantity of information covering a lengthy or unlimited period. See Brown v. Mountainview Cutters, LLC, No. 7:15-CV-00204, 2016 WL 3045349, at *4 (W.D. Va. May 27, 2016) (modifying subpoena duces tecum upon finding it was "overbroad because it [did] not limit the temporal scope of the documents sought"); Schaaf v. SmithKline Beecham Corp., 233 F.R.D. 451, 455 (E.D.N.C.

2005) (quashing subpoena upon finding, inter alia, that the subpoena *duces tecum* at issue was "a paradigmatic example of a facially overbroad subpoena" because it sought "all GSK documents in [producing party's] possession from the past ten years").

Compliance with the Subpoenas would indisputably involve the expenditure of significant time, costs, and the diversion of the firm's resources, resulting in undue burden to the Law Firm, as shown by the Volta Affidavit. The Law Firm should not be required to undertake the burden, expense, and inconvenience of complying with either of the Subpoenas, particularly where Bestwall made no attempt to avoid undue burden on the Law Firm. See Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 190 (4th Cir. 2019) ("A nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it."). Accordingly, this Court must enforce Bestwall's duty to avoid undue burden to the Law Firm and quash the Subpoenas. See Fed. R. Civ. P. 45(d)(1).

**C. The Subpoenas Seek Information Beyond the Scope of Federal Rule 26.**

In addition to these objections, which the Law Firm makes to both Subpoenas in their entirety,[4] the Law Firm also raises specific objections below:

### i. Trust and Settlement Information

Requests 1 and 2 of the Document Subpoena seek:

*1. All Trust Claim Forms submitted by, for or on behalf of any Selected Plaintiff, as well as any Documents submitted to a Trust therewith.*

---

[4] This includes Request 3 of the Document Subpoena ("All Ballots cast by, for or on behalf of any Selected Plaintiff, including any master ballots cast by the Firm that include any Selected Plaintiff.") and Topic 6 of the Deposition Subpoena ("Ballots cast by, for or on behalf of any Selected Plaintiff, including any master ballots cast by the Firm that include any Selected Plaintiff.") to which the Law Firm has not raised additional specific objections below.

*2. Documents sufficient to show the status of any claim asserted against a Trust by a Selected Plaintiff.*

Similarly, topics 1 and 4 of the Deposition Subpoena seek information regarding:

*1. Settlement negotiations and other Communications between the Firm and the Debtor (and/or its counsel) specifically with respect to claims by the Selected Plaintiffs.*

*4. Trust Claims submitted by, for or on behalf of the Selected Plaintiffs including evidence concerning exposure to asbestos, any asbestos-containing product or any asbestos contaminated product supporting such Trust Claims.*

In addition to the objections made above, the Law Firm objects to the production and disclosure of this information (collectively, the "Trust and Settlement Information") on additional grounds.  First, as part of these requests, Bestwall seeks information from the Law Firm to which it, or its counsel, already has access ("Settlement negotiations and other Communications between the Firm *and the Debtor (and/or its counsel) …*").  Indeed, the Federal Rules require consideration of "the parties' relative access to relevant information" as an important factor in determining whether the subpoenaed information is "proportional to the needs of the case."  Fed. R. Civ. Pro. 26(b)(1).  There is no reason that the Law Firm should be obligated to produce (or rather, reproduce) information to which Bestwall, or its counsel, already have access and could obtain without imposing undue burden on the Law Firm.

Second, the Trust and Settlement Information Bestwall that seeks may contain confidential and privileged material, and "the courts have consistently applied the principle that discovery of settlement negotiations is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive."  Jones v. Singing River Health Sys., No. 15CV1-LG-RHW, 2016 WL 2851332, at *1 (S.D. Miss. May 13, 2016)

(quoting <u>Hemphill v. San Diego Ass'n of Realtors</u>, Inc., 225 F.R.D. 616, 620 (S.D. Cal. 2005)).

Bestwall has laid no such foundation here.

Additionally, settlement information is privileged as attorney work-product, which

"protects the work done by an attorney in anticipation of litigation."  <u>In re Grand Jury Proc.</u>, 102

F.3d 748, 750 (4th Cir. 1996).   As explained by the Fourth Circuit,

> [C]ourts have analyzed the privilege in two contexts—fact work-product and
> opinion work-product. <u>Id.</u> Fact work-product may be obtained upon a showing of
> both a substantial need and an inability to secure the substantial equivalent of the
> materials by alternate means without undue hardship. Opinion work-product,
> however, can be raised by both the client and the attorney and is more scrupulously
> protected as it represents the actual thoughts and impressions of the attorney.

<u>In re Grand Jury Proc.</u>, 102 F.3d 748, 750 (4th Cir. 1996) (citations and quotations omitted).

Bestwall has demonstrated neither a "substantial need" nor an "inability to secure the

substantial equivalent … without undue hardship" for the protected information that it seeks.  <u>Id.</u>

Furthermore, Bestwall's broad and sweeping requests for Settlement Information appears to

include communications between the Law Firm and its clients, which communications would be

protected by the attorney-client privilege.

On July 31, 2020, Bestwall previously sought, and obtained, a Bankruptcy Court Order

under Bankruptcy Rule 2004 prior to issuing subpoenas duces tecum to a third-party recipient.

Bestwall filed a motion under Bankruptcy Rule 2004, attached hereto as **<u>Exhibit C</u>**, for authority

to issue a subpoena *duces tecum* on the Delaware Claims Processing Facility ("DCPF").  On March

24, 2021, the subpoenas duces tecum were issued by Order of the Bankruptcy Court pursuant to

Bankruptcy Rules 2004 and 9016, attached hereto as **<u>Exhibit D</u>**.[5]  Notably, Bestwall's subpoena

---

[5] For the reasons discussed below, the District Court of Delaware issued an order dated June 1,
2021 granting DCPF's motion to quash Bestwall's subpoenas.  <u>In re Bestwall LLC</u>, No. 17-BK-
31795 (LTB), 2021 WL 2209884, at *7 (D. Del. June 1, 2021).  On June 17, 2021, the Court issued

*duces tecum* to DCPF, which sought similar information regarding claims submitted to bankruptcy trusts,[6] was quashed by the District Court of Delaware on June 1, 2021. There, the Court determined that the proper path for Bestwall to obtain certain Trust Claim information was to seek relief from the "Bankruptcy Court issuing the orders establishing and governing the Trusts." In re Bestwall LLC, No. 17-BK-31795 (LTB), 2021 WL 2209884, at *7 (D. Del. June 1, 2021). The Court explained that the Trust Distribution Procedures (the "TDP"), which were approved by a Federal District Court, "expressly provide[] that submissions to the Trust by the holders of the channeled asbestos claims … (i) are intended to be confidential, (ii) will be treated as made in the course of settlement discussions between the claimant and the Trust, and (iii) are to be protected by all applicable privileges, including those applicable to settlement discussions." Id. at *7.

The same confidentiality concerns discussed in the Delaware matter present themselves here. Compliance with the Subpoenas as currently drafted would require the Law Firm to disclose confidential information, such as settlement figures, or evidence of negotiations or compromise, regarding the Trust Information. While courts have determined that Trust Claims are generally discoverable, Sheppard v. Liberty Mut. Ins. Co., No. CV 16-2401, 2017 WL 318470, at *3 (E.D.

---

another Order clarifying its June 1, 2021 ruling. See Case No. 1:21-mc-00141-CFC, ECF Docs. No. 31, 32, & 33.

[6] The subpoenas duces tecum to the DCPF Trust sought "sweeping personal data" for Bestwall Claimants who filed claims with a DCPF Trust, including: "Claimant identifying information, which is comprised of: i. the full name of the injured party; ii. the injured party's Social Security number, gender, date of birth, date of death, state of residency, date of diagnosis, and body site (if available); iii. the full name of any claimant who is not the injured party and his or her Social Security number; iv. and claimant's law firm, jurisdiction of tort claim filing, and date of tort claim filing. b. Date claim filed; c. Date claim approved, if approved; d. Date claim paid, if paid; e. If not approved or paid, status of the claim; f. All exposure-related fields, including: i. Date(s) exposure(s) began; ii. Date(s) exposure(s) ended; iii. Manner of exposure; iv. Occupation and industry when exposed; and v. Products to which exposed; g. Mode of review selected; h. Mode of review under which the claim was approved and paid." Bestwall, 2021 WL 2209884, at *6 (D. Del. June 1, 2021).

La. Jan. 23, 2017) (citing cases), "offers of compromise or settlement amounts are not discoverable," and have long been protected from discovery. Id. (citing In re Asbestos Prod. Liab. Litig. (NO. VI), No. 09-62886, 2009 WL 6869437, at *1 (E.D. Pa. Sept. 18, 2009) (ordering plaintiffs to produce trust claim forms and other trust documents, except those that contained "specific instances of offers of compromise, as opposed to factual assertions of economic loss."); Shepherd v. Pneumo-Abex, LLC, No. 09-91428, 2010 WL 3431633, at *1 (E.D. Pa. Aug. 30, 2010)) (granting the defendants' request for bankruptcy trust claims but allowing plaintiffs to redact such documents "to eliminate any reference to offers of compromise or ultimate settlement amounts"); Ferguson v. Lorillard Tobacco Co., No. CIV. 09-91161, 2011 WL 5903453, at *1 (E.D. Pa. Nov. 22, 2011) (ordering plaintiff to respond to discovery seeking trust claims, but allowing plaintiff to "redact references to offers of compromise or settlement amounts")).

A federal district court must quash or modify a subpoena on timely motion if the subpoena requires disclosure of privileged or other protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii). For this reason, and all the arguments made herein, this Court should quash the Subpoenas, or in the alternative, modify the Subpoenas to prevent the production and/or disclosure of confidential information, including any references to compromise or settlements amounts, with regard to the Trust Information Bestwall seeks by way of the Subpoenas.

**ii.    Rule 2019 Statements**

Request 4 of the Document Subpoena seeks:

*4. All Rule 2019 Statements filed by the Firm or on behalf of or containing the name of any Selected Plaintiff.*

Similarly, topic 5 of the Deposition Subpoena seeks information regarding:

*5. Rule 2019 Statements filed by the Firm on behalf of or containing the names of any Selected Plaintiff.*

In addition to the objections made above, the Law Firm objects to the production and disclosure of this information (collectively, the "Rule 2019 Information") on additional grounds. By way of background, Bankruptcy Rule 2019 of the Federal Rules of Bankruptcy Procedure is titled "Disclosure Regarding Creditors and Equity Security Holders in Chapter 9 and Chapter 11 Cases." Bankruptcy Rule 2019(b) requires "every group or committee that consists of or represents . . . multiple creditors . . . that are . . . acting in concert to advance their common interests" to file "a verified statement" setting forth certain information, such as the identity of group members and their economic interests. Fed. R. Bankr. P. 2019(b). "[T]he core purpose of Rule 2019 is to ensure that reorganization plans deal fairly with all creditors and are arrived at openly." Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee v. Congoleum Corp., 321 B.R. 147, 167 (D.N.J. 2005); see also In re Philadelphia Newspaper, LLC, 422 B.R. 553, 567 (Bankr. E.D. Pa. 2010) (Rule 2019 does not apply to ad hoc committees) (collecting cases).

Bestwall ostensibly limits the request for Rule 2019 Information to those filed in the cases of defined "Bankrupts"—111 individual bankrupt entities in cases dating back to the very first asbestos bankruptcy in 1982, filed by UNR Industries, Inc. See Matter of UNR Indus., Inc., 20 F.3d 766, 767–68 (7th Cir. 1994). To the extent that any Rule 2019 Statement was filed bearing the name of any Selected Plaintiff, such documents are public record equally accessible to Bestwall. However, bankruptcy courts, where they have ordered the filing of Rule 2019 Statements by attorneys representing claimants, have ordered those exhibits listing claimants' names be filed off the docket by submitting such records to the clerk of court. Any party seeking access to such lists may gain access only pursuant to a court order. See, e.g., *Order Requiring*

*Filing of Statements Pursuant to Fed. R. Bankr. P. 2019*, <u>In re Garlock Sealings Techs., LLC</u>, Case No. 10-BK-31607 (Bankr. W.D.N.C. Oct. 25, 2010), ECF No. 631 (requiring that (i) exhibits listing claimants' names to be delivered on compact disks to the clerk of court, (ii) such compact disks only being made available upon order of the court, and (iii) requiring the clerk of court to archive those compact disks with the case files upon closure of the case). The Law Firm cannot provide information to which access has been restricted by a court order. Bestwall must comply with those orders as well.

Again, Bestwall has not demonstrated that the information that it seeks by way of these Subpoenas is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, with respect to Rule 2019 Statements, this is problematic for Bestwall beyond failing to meet the requirements of Federal Rules 26 and 45. Federal courts evaluating a request for Rule 2019 information must, as "[a] threshold consideration," determine "whether the movants have stated a proper purpose." <u>In re Owens Corning Armstrong World Indus., Inc.</u>, 560 B.R. 229, 237 (Bankr. D. Del. 2016), aff'd sub nom. <u>In re Motions Seeking Access to 2019 Statements</u>, 585 B.R. 733 (D. Del. 2018), aff'd sub nom. <u>In re A C & S Inc</u>, 775 F. App'x 78 (3d Cir. 2019). For example, in <u>Owens Corning</u>, the Bankruptcy Court rejected requests for Rule 2019 exhibits where the movant "ha[d] not provided enough information regarding the proposed use of the Rule 2019 Exhibits." 560 B.R. 229, 237 (Bankr. D. Del. 2016) (Gross, J.) (emphasis added). In contrast, in <u>In re Motions for Access of Garlock Sealing Techs. LLC</u>, 488 B.R. 281 (D. Del. 2013)), the District Court allowed the debtor's request for Rule 2019 information because it had demonstrated a "proper purpose" in seeking this information. <u>Id</u>. at 300. Here, Bestwall has not provided a "proper purpose"—or <u>any</u> purpose—for seeking Rule 2019 Statements

from the Law Firm.  In line with these authorities, and for failing to meet the requirements of Federal Rules 26 and 45, the Court should quash the Subpoenas.

### iii.    Evidence of Exposure

Requests 5, 6, and 7 of the Document Subpoena seek:

*5. Any Documents through which the Firm or any Selected Plaintiff disclosed to the Debtor evidence of any Selected Plaintiff's exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product.*

*6. Any Documents through which the Firm or any Selected Plaintiff disclosed to any other party evidence of any Selected Plaintiff's exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product.*

*7. Any other Documents evidencing any Selected Plaintiff's exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product including documents disclosed to defendants in the country or use in trial in the tort system.*

Similarly, topics 3, 7, 8, 9 & 10 of the Deposition Subpoena seek information regarding:

*3. Any evidence in the possession of the Firm concerning the Selected Plaintiffs' exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product, including the manufacturers of such products.*

*7. Disclosures made to the Debtor or other asbestos defendants in discovery in the tort system concerning the Selected Plaintiffs' exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product, including the manufacturers of such products.*

*8. Evidence of any Selected Plaintiff's exposure to asbestos or an asbestos containing product or an asbestos-contaminated product presented at trial in the case of any Selected Plaintiff.*

*9. Public statements made by the Firm, its lawyers, or its employees concerning any Selected Plaintiff.*

*10. Any co-counsel, referral or other joint representation arrangement or agreement with respect to any Selected Plaintiff.*

In addition to the objections made above, the Law Firm objects to the production of this information (collectively, the "Evidence of Exposure") on additional grounds. First, as part of these requests, Bestwall, once again, plainly seeks information to which it, or its counsel, already has access ("Any Documents through which the Firm or any Selected Plaintiff disclosed to the *Debtor*…" and "Disclosures made to the *Debtor*…in discovery in the tort system…"), could be obtained through public record ("Any other Documents … used in trial in the tort system" or "Evidence of any Selected Plaintiff's exposure … presented at trial in the case"), or generally available to the public ("Public statements…"). Once again, there is no reason that the Law Firm should be obligated to produce (or rather, reproduce) any information to which Bestwall, or its counsel, already has access and can obtain without imposing undue burden on the Law Firm.

Second, Federal Rule 45(a)(1)(A) only authorizes the testimony regarding, or production of, "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P.(a)(1)(A). The requests and topics are not limited to Evidence of Exposure within the Law Firm' possession. Consequently, the Evidence of Exposure that Bestwall seeks may be, in whole or in part, in control of third parties, as counsel other than the Law Firm may represent, or may have represented, the holders of the asbestos claims designated by Bestwall's as "Selected Plaintiffs."

Third, the scope and breadth of these production requests and deposition topics is overbroad. For example, compliance with regard to the Evidence of Exposure would likely require

the Law Firm to produce or disclose information that is protected by attorney-client privilege or attorney work-product, particularly with regard to co-counsel arrangements, referrals, or agreements. Since each of the Selected Plaintiff's actions in tort against Bestwall were premised on establishing Evidence of Exposure, Bestwall's failure to identify specific non-privileged individual documents—requesting instead Documents of every kind that supported the Selected Plaintiff's case against Bestwall or any other asbestos defendant—is effectively an attempt to discover a past opponent's litigation file. Federal courts prohibit the discovery of an attorney's litigation file, even when specific documents contained therein are not subject to a claim of attorney-client or attorney work-product privilege. See Sporck v. Peil, 759 F.2d 312, 315 (3d Cir. 1985); James Julian, Inc. v. Ratheon Co., 93 F.R.D. 138, 144 (D. Del. 1982).

Fourth, to the extent that the scope of these production requests and deposition topics requests the production of documents and deposition testimony previously provided to Bestwall or relied upon in the tort system, the Subpoenas can fairly be interpreted as retreading ground previously traveled in prior proceedings. This attempted second bite at the apple is only logical if premised upon the belief that discovery in prior proceedings—tendered subject to Rule 11, the applicable rules of professional conduct, and delivered under oath and penalty of perjury, as applicable—was in some way nonresponsive, inaccurate, or incomplete. Bestwall has not laid any foundation for its attempts to duplicate prior discovery efforts.

Fifth, and finally, Bestwall has not considered in any way the burdensome nature of its designation of the Selected Plaintiffs. Certain of the Selected Plaintiffs resolved their claims against Georgia-Pacific, LLC[7] more than a decade ago, and some of the attorneys with responsive information for those Selected Plaintiffs have left the Law Firm, rendering compliance with respect

---

[7] Bestwall is formerly known as Georgia-Pacific, LLC, a North Carolina limited liability company.

to production of responsive documents nearly impossible.  <u>See</u> Volta Affidavit ¶¶ 5, 7.  To respond

to the Subpoenas, the Law Firm would have to attempt to locate and contact former attorneys and

staff and attempt to recover data systems from email systems and computer databases long retired

by the Law Firm.  <u>Id.</u> ¶ 11.  Efforts to comply with the Subpoenas would impose an undue burden

on the resources of the Law Firm and would even impose a substantial burden on other law firms,

attorneys, and staff no longer associated with the Law Firm.

Accordingly, the Court should quash, or, in the alternative, modify these Subpoenas to

avoid undue burden to the Law Firm, and prevent the production and/or disclosure of privileged

or other protected information.  Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii).

### iv.    Dahlgren Information

Topic 2 of the Deposition Subpoena seeks information regarding:

*2. The Firm's use of the article entitled Mesothelioma Associated with Use of Drywall Joint*

*Compound: A Case Series and Review of Literature, authored by James Dahlgren and Trevor*

*Peckham and published in 2012 in Volume 18 of the International Journal of Occupational and*

*Environmental Health at page 337, in asbestos personal injury or wrongful death cases against*

*the Debtor.*

In addition to the objections made above, the Law Firm objects to the production of this

information (collectively, the "Dahlgren Information") on additional grounds. At the risk of

repetition, considering the unlimited scope and breadth of the Dahlgren Information that Bestwall

seeks, compliance would inevitably require the Law Firm to produce and disclose information that

is protected by attorney-client privilege or attorney work-product, particularly with regard to its

alleged "use of the article … in asbestos personal injury or wrongful death cases against the

Debtor" (and to the extent that Bestwall seeks non-privileged or otherwise unprotected information

in this regard, Bestwall, or its counsel, already have access to such information).  Accordingly, the Court should quash, or, in the alternative, modify these Subpoenas to avoid undue burden to the Law Firm and to prevent the production and/or disclosure of privileged or other protected information.  Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii).

### III.    No Witness Fee was Tendered in Connection with the Deposition Subpoena.

Under Federal Rule 45, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."  Fed. R. Civ. Pro. 45(b)(1)).  Bestwall failed to comply with this requirement and did not tender witness fees or mileage allowance in connection with the Deposition Subpoena. It has been recognized that quashing a *subpoena ad testificandum*, like the Deposition Subpoena, is proper where the subpoenaing party failed to comply with this requirement, and for that reason alone.  In re Dennis, 330 F.3d 696, 705 (5th Cir. 2003) (holding that "a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena," even where "allowance would have been less than five dollars because [deponent] lived just a few miles from the deposition site").  This district has recognized and enforced that rule.  Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co., No. CV ADC-17-0004, 2017 WL 3311206, at *2 (D. Md. Aug. 2, 2017) (quashing subpoena upon finding, *inter alia*, "that the subpoena was not properly served in accordance with Rule 45(b)(1) because Defendant failed to tender the required witness and mileage fees upon service.").  Accordingly, the Court should quash the Deposition Subpoena for Bestwall's failure to comply with Federal Rule 45(b)(1). During the meet and confer, counsel for Bestwall stated that they would provide the requisite witness fee, which would resolve this objection when received.

## CONCLUSION

WHEREFORE, the Law Firm respectfully requests that the Court issue an Order quashing the Subpoenas or, in the alternative, modifying the Subpoenas to conform with the requirements of Federal Rules 26 and 45, and to grant the Law Firm any other relief to which it is entitled.

Respectfully submitted, this the 6th day of January 2022.

**THE LAW OFFICES OF E. DAVID HOSKINS, LLC**

*/s/  E. David Hoskins*
E. David Hoskins, Esq., No. 06705
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
davidhoskins@hoskinslaw.com

*Counsel for Peter Angelos Law, P.C.*

**WALDREP WALL BABCOCK
& BAILEY PLLC**

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep Jr. (NC State Bar No. 11135)
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
E-mail: notice@waldrepwall.com
(Motion for Admission Pro Hac Vice Forthcoming)

*Counsel for Peter Angelos Law, P.C.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing document was served on all attorneys of

record in the above entitled and number cause, this the 6th day of January 2022 via email:

> Garland Cassada
> Robinson Bradshaw & Hinson, P.A.,
> 101 N. Tryon Street, Suite 1900
> Charlotte, NC 28246
> gcassada@robinsonbradshaw.com
> (704) 377-8317
> *Counsel for Bestwall*

> <u>*/s/  E. David Hoskins*</u>
> E. David Hoskins, Esq., No. 06705