IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

**Civil Case No. 1:21cv03257**

| | |
|---|---|
| IN RE SUBPOENAS ISSUED TO PETER ANGELOS LAW, P.C., in *IN RE BESTWALL, LLC*, CASE NO. 3:17-BK-31795-LTB, PENDING IN THE BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA. | ) ) ) ) ) ) |

## REPLY BRIEF IN SUPPORT OF PETER ANGELOS LAW, P.C.'S MOTION TO QUASH OR MODIFY BESTWALL LLC'S SUBPOENA DUCES TECUM AND SUBPOENA AD TESTIFICANDUM

Peter Angelos Law, P.C. (the "Law Firm") submits this reply brief in support of its *Motion to Quash or Modify Bestwall LLC's Subpoena Duces Tecum and Subpoena ad Testificandum* [ECF No. 4] (the "Motion to Quash"). On January 24, 2022, Bestwall, LLC ("Bestwall") filed its *Opposition to Peter Angelos Law, P.C.'s Motion to Quash or Modify Bestwall LLC's Subpoena Duces Tecum and Subpoena ad Testificandum* (the "Response") [ECF No. 13].

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………………..3

ARGUMENT ………………………………………………………………………………..4

    I.    The Subpoenas Seek Information Beyond the Scope of Rules 26 and 45. ……….4

        a.    Bestwall Has Been Inconsistent Regarding Necessary Information for the Estimation Hearing. . ……………………………………………………..4

        b.    Bestwall Mischaracterizes the Evidentiary Purpose of Trust Claims, Ballots, and Rule 19 Filings. . ……………………………………………………..5

        c.    In Light of the Parties' Relative Access to the Information and the Parties' Relative Resources, the Subpoenas are Unduly Burdensome. ……………7

        d.    Bestwall is not "Entitled" to the Information it Seeks. ……………………8

    II.    Bestwall Does Not Have Evidence of Fraud or that Exposure Evidence was Withheld. ……………………………………………………………………....9

        a.    Mr. William Warfield.……………………………………………………...10

        b.    Dahlgren Article………………………………………….……………12

    III.    The <u>Shelton</u> Standard Applies in these Circumstances and Bestwall has Failed to Meet it. ……………………………………………...…………………...12

CONCLUSION ……………………………………………………………………………….13

CERTIFICATE OF SERVICE………………………………………………………………..14

# **TABLE OF AUTHORITIES**

Page(s)

Cases

Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.,
   237 F.R.D. 215 (D. Neb. 2006) .................................................................................. 13

Eagle-Picher Indus., Inc. v. Balbos,
   326 Md. 179 (1992) ..................................................................................................... 11

In re Garlock Sealing Techs.,
   504 B.R. 71, 83 (Bankr. W.D.N.C. 2014) .................................................................. 10

Martino v. Kiewitt N.M. Corp.,
   600 F. App'x. 908 (5th Cir. 2015) ................................................................................ 9

Pamida, Inc. v. E.S. Originals, Inc.,
   281 F.3d 726 (8th Cir. 2002) ....................................................................................... 14

Shelton v. American Motors Corp.,
   805 F.2d 1323 (8th Cir. 1986) ..................................................................................... 13

Virginia Dep't of Corr. v. Jordan,
   921 F.3d 180 (4th Cir. 2019) ......................................................................................... 8

Statutes

11 U.S.C. § 101(5) ............................................................................................................ 6, n.8

Rules

Fed. R. Bankr. P. 2019 ............................................................................................... 5, 6, 7, 8

Fed. R. Civ. P. 26 .......................................................................................................... *Passim*

## ARGUMENT

I. **The Subpoenas Seek Information Beyond the Scope of Rules 26 and 45.**

    a. **Bestwall Has Been Inconsistent Regarding Necessary Information for the Estimation Hearing.**

Bestwall must demonstrate that the information sought by way of the Subpoenas[1] is "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Bestwall claims that the Subpoenas seek "crucial discovery," Resp. at 14, relevant to the estimation proceeding in the Bankruptcy Case. However, Bestwall has not demonstrated that the information it seeks is "crucial," let alone relevant to the estimation proceedings, as required by Civil Rule 26(b).

Tellingly, Bestwall has been inconsistent in its arguments before this tribunal (along with the Northern District of Texas and the Southern District of Florida)[2] and in its recent arguments before the Bankruptcy Court regarding the information that it *needs* for the estimation proceedings. On October 28, 2021, Bestwall moved the Bankruptcy Court for an order "approving a sample of resolved Bestwall Mesothelioma Claims," (the "Resolved Claim Sample") which consisted of 1,501 claims.[3] Bestwall argued that the use of the Resolved Claim Sample would "eliminate the time-consuming process of gathering and reviewing additional files" and requested that the Bankruptcy Court "determine that the Resolved Claim Sample is appropriate for use in the estimation proceeding." Ex. A at 3.

---

[1] All capitalized terms not otherwise defined herein have the same meaning given in the Law Firm's Motion to Quash.

[2] Bestwall made this same argument in response to motions to quash similar subpoenas pending before the Southern District of Florida and Northern District of Texas. See case No. 1:21-mc-24360-FAM (S.D. F.L.), ECF No. 13 at 12; Case No. 3:22-mc-00003-X-BT (N.D. T.X.), ECF No. 4 at 12.

[3] *Motion of the Debtor to (A) Approve Resolved Claim Sample and (B) Authorize Related Disclosure Pursuant to Rule 502(D) of the Federal Rules of Evidence* (the "Resolved Claim Sample Motion") Bankr. Doc. No. 2183, attached hereto as **Exhibit A**, at 14.

While the Resolved Claim Sample Motion was pending before the Bankruptcy Court, Bestwall issued the Subpoenas to the Law Firm, as well as similar subpoenas to two other law firms, seeking information from a total of twenty-three (23) Selected Plaintiffs. However, the 1501-claim sample Bestwall asked the Bankruptcy Court to approve *did not include six* of those twenty-three claims, all of which Bestwall has indicated in this proceeding (and in two others) are "crucial discovery."[4] See Ex. A at 22-49. Clearly, these six claims are not "crucial" if not included in Bestwall's Resolved Claim Sample, and this inconsistency brings into question the "crucial" nature of the remaining Selected Plaintiffs' claims.[5]

Several other reasons dictate a finding that the information Bestwall seeks is not "crucial discovery," (let alone relevant and proportional) to the estimation proceedings. As discussed below, Bestwall has mischaracterized the evidentiary purpose of trust claims, bankruptcy ballots, and Rule 2019 filings. Bestwall has further misrepresented an asbestos case in which the Law Firm represented the plaintiff.

### b. Bestwall Mischaracterizes the Evidentiary Purpose of Trust Claims, Ballots, and Rule 19 Filings.

In its Response, Bestwall argues erroneously that trust claims, ballots, and Rule 2019 filings are proof of "withholding evidence of exposure." Resp. at 12.[6] Contrary to Bestwall's

---

[4] This includes the claims of William Warfield (GP.1D03E52) and Robert Brittingham (GP.2E8D138), which were included as Selected Plaintiffs in the Subpoenas issued to the Law Firm, and four other claims included in similar subpoenas issued by Bestwall to two other law firms. See Case No. 1:21-mc-24360-FAM (S.D. F.L.), ECF Nos. 6-1 at 9 and 6-2 at 9; Case No. 3:22-mc-00003-X-BT (N.D. T.X.), ECF Nos. 1-2 at 9-10 and 1-3 at 9-10.

[5] It further bears mentioning that Bestwall has appealed two orders issued by the District Court of Delaware related to similar subpoenas *duces tecum* issued to DCPF. The appeal has been calendared for March 17, 2022. See *Bestwall LLC v. Armstrong World Indus. Inc. Asbestos Personal Injury Settlement Trust, et al.*, No. 21-2263 (3d Cir. Sept. 3, 2021), ECF No. 52.

[6] Bestwall previously made these arguments in its *Informational Brief of Bestwall LLC* [Bankr. Doc. No. 12], attached hereto as **Exhibit B,** and its *Motion of the Debtor for Estimation of Current and Future Mesothelioma Claims* [Bankr. Doc. No. 875], attached hereto as **Exhibit C**. Ex. B at

5

explanation of the trust claims process, Resp. at 12-13, this process was "designed to require only evidence relevant to whether the predecessor defendant would have had liability to the plaintiff." Ex. D at 93. Many asbestos trusts maintain "site lists," or locations and time frames, where asbestos products were known to be present.[7] A claimant therefore need only provide limited information (including data such as occupation(s), time period, and site location), to demonstrate an entitlement to file a proof of claim[8] against that specific trust. Ex. D at 82. In other words, a claimant need not actually prove exposure in order to file a trust claim. Accordingly, the trust claims that Bestwall seeks from the Law Firm are simply not relevant for purposes of the estimation proceedings.

Further, Bestwall exaggerates the evidentiary import of bankruptcy ballots. Resp. at 25-26. Quite simply, a claimant's submission of a bankruptcy ballot is not an allegation of exposure. The purpose of ballot submissions is to allow the bankruptcy court to account for all potential claims to ensure a successful reorganization of the debtor's estate. Ex. D at 97. To submit a ballot, a claimant need only a *good faith basis* for believing that he or she *may* have a claim against a certain asbestos trust. A ballot does not require a claimant to submit any evidentiary proof and a ballot does not entitle a claimant to right to payment. Id. Turning to Rule 2019 filings, such filings are simply a statement of representation by counsel.[9] They are not statements of claimants alleging

---

24-34; Ex. D at 8. These arguments were addressed, and debunked, by the Official Committee of Asbestos Personal Injury Claimants (the "ACC") in its own *Informational Brief of the Official Committee of Asbestos Claimants of Bestwall LLC [With Previously Redacted Sections]* (the "Informational Brief") [Bankr. Doc. No. 1318], attached hereto as **Exhibit D**, at 81-110.

[7] A complete list of trusts that maintained site lists is included in the ACC's Informational Brief. Ex. D at p. 95, Figure 11.

[8] The Bankruptcy Code defines a proof of claim (or "claim") as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5).

[9] Bankruptcy Rule 2019(b) requires "every group or committee that consists of or represents . . . multiple creditors . . . that are . . . acting in concert to advance their common interests" to file "a verified statement" setting forth certain information, such as the identity of group members and their economic interests. Fed. R. Bankr. P. 2019(b).

exposure or a right to payment. Accordingly, the bankruptcy ballots and Rule 2019 filings Bestwall seeks also are *not* evidence of exposure to asbestos and have no relevance to the estimation proceedings.

Lastly, other sources of information exist to aid Bestwall's agenda in the estimation proceedings. For example, a significant amount of information regarding each bankruptcy trust's criteria for paying a claim is publicly available.[10] According to Bestwall's consultants, this information is customarily used by asbestos defendants to assess their own settlement strategies.[11] Bestwall has presented no reason why it cannot use such information in its own estimation process.

### c. In Light of the Parties' Relative Access to the Requested Information and the Parties' Relative Resources, the Subpoenas are Unduly Burdensome.

Bestwall argues that the burden on the Law Firm in complying with the Subpoenas is "minimal by comparison" to the efforts it would need to undertake to obtain this information by other means. Resp. at 30. However, Bestwall fails to consider either the parties' relative access to the information or the parties' relative resources. See Fed. R. Civ. P. 26(b)(1) (requiring the court to consider the "parties' relative access to relevant material information" and the "parties' resources"). Bestwall is a corporation whose litigation costs are fully funded by Georgia-Pacific,[12]

---

[10] Including "payment percentage" (the percentage that a bankruptcy trust's resources permit them to pay against the liquidated value of an accepted claim), a "scheduled value" for each recognized type of asbestos disease compensable by the trust, a "maximum value" (the most the trust will pay for a liquidated claim), and an "average value" (the average liquidated claim in a specific diagnosis category). Ex. D at 96.

[11] Ex. D at 96 (citing February 3, 2011 Dep. Tr. of Charles E. Bates, Ph.D. at 24:9-14, In re Specialty Prods. Holding Corp., Case No. 10-11780 (Bankr. D. Del.)).

[12] According to the *Second Amended and Restated Funding Agreement* (the "Funding Agreement"), attached hereto as **Exhibit D**, by and between Bestwall and Georgia-Pacific LLC ("New GP"), a separate successor to Old GP, New GP has agreed to pay "any and all costs and expenses of [Bestwall] incurred during the pendency of any Bankruptcy Case that are necessary or appropriate in connection therewith," including ordinary course costs and expenses, and "any

7

and is represented by large firms with significant operating capacities and highly experienced attorneys. It already has, by its own admission, a great deal of the information it seeks from the Law Firm and has alternative avenues for obtaining that information.[13] In contrast, the efforts the Law Firm would need to undertake in producing the information Bestwall seeks can hardly be described as "minimal." As described in the Volta Affidavit, compliance with the Subpoenas would place a considerable burden on the Law Firm. See Volta Affidavit, ¶¶ 4-14.

### d. Bestwall is not "Entitled" to the Information it Seeks.

Bestwall further argues that the Subpoenas are not burdensome because it is "entitled" to examine certain documents in the Law Firm's possession (documents which it also has) so that it can "ensure it has the complete set of any such documents allegedly showing disclosure, and to avoid a future allegation by [the Law Firm] (or the parties in the Bankruptcy Case) that the Law Firm possesses some other document showing disclosure of exposures to Bestwall." Resp. at 26. Bestwall presents absolutely no authority to support its contention in this regard.[14] Irrefutably, it is not incumbent upon the Law Firm, or any third party, to assist Bestwall with its own record-keeping. Bestwall's reasoning in this regard perverts the purpose of discovery and it highlights the purpose of the protections afforded non-parties under the Federal Rules. See Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 189 (4th Cir. 2019) ("A more demanding variant of the

---

ancillary costs and expenses of [Bestwall] associated with such Asbestos Related Liabilities and any litigation thereof." Ex. D at 5.

[13] See Resp. at 16 (admitting that "Bestwall has an interest in receiving these clearly non-privileged documents to ensure it has the complete set of any such documents …") and at 21 (admitting that it can obtain bankruptcy filings it seeks from the Law Firm "by … requesting access in the bankruptcy courts where the exhibits are filed off the docket …").

[14] Similarly, Bestwall has produced no authority supporting why it is "entitled," as it contends it is, Resp. at 16, to examine the Law Firm about communications with Bestwall during settlement negotiations in the Selected Plaintiffs' cases.

proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified.").

Further, Bestwall relies on Martino v. Kiewitt N.M. Corp., 600 F. App'x. 908, 911 (5th Cir. 2015) to support its contention that it is entitled to documents or information already in Bestwall's possession. As the Court will quickly ascertain in reviewing that authority, this case does not support Bestwall's extraordinary argument in this regard. Martino concerned disclosures pursuant to Civil Rule 26(a)(1)(A), *which* requires "parties to make certain initial disclosures in most civil cases."[15] Rules and Commentary, Rule 26. Duty to Disclose; General Provisions Governing Discovery, 1 Federal Rules of Civil Procedure. Specifically exempted from the mandatory initial disclosure requirement is "an action to enforce or quash an administrative summons or subpoena." Fed. R. Civ. P. 26(a)(1)(B)(v). Thus, the Law Firm is indisputably not a "disclosing party" for purposes of Civil Rule 26(a)(1)(A), and Martino is inapplicable in these circumstances.

**II.  Bestwall Does Not Have Evidence that the Law Firm Withheld Evidence of Exposure.**

In the Response, Bestwall paints an entirely misleading picture of rampant fraudulent litigation against it and other asbestos manufacturers. See Resp. at 10-17. As discussed below, Bestwall's account of litigation by William Warfield ("Mr. Warfield") against Union Carbide and the Law Firm's alleged use of the Dahlgren Article contain several misrepresentations.

---

[15] The plaintiff in Martino failed to disclose a certain document in its possession that the plaintiff alleged was a "public document, equally available to both parties." 600 F. App'x at 911. The court rejected this argument, stating that "even if a document is publicly available or in the opposing party's possession, a party must still disclose it *under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses*." Id. (emphasis added).

### a. Mr. William Warfield

Bestwall's narrative of Mr. Warfield's tort litigation against Union Carbide is entirely misleading. Bestwall emphasizes that Mr. Warfield's case was "highlighted as an example of litigation abuse in Congressional testimony" by Union Carbide attorney Jim Stengel ("Mr. Stengel") and that "[t]he Garlock public record shows that this plaintiff filed numerous trust claims, including against trusts responsible for highly dangerous insulation products, based on exposures not disclosed in his tort case" against Bestwall. Resp. at 15-16 (citing in part In re Garlock Sealing Techs., 504 B.R. 71, 83 (Bankr. W.D.N.C. 2014)). However, these accounts rest upon the erroneous supposition that a trust claim is the evidentiary equivalent of a proof of claim. As discussed above, a trust claim does *not* constitute evidence of exposure.

Moreover, these trust claims neither changed nor affected Mr. Warfield's claims of exposure to Bestwall's predecessor (Georgia-Pacific) so as to change its liability to Mr. Warfield. As to the allegations made by Mr. Stengel, the Law Firm represented Mr. Warfield in tort litigation against Georgia-Pacific and other joint compound manufacturers. See *Second Declaration of Armand J. Volta, Jr.*, submitted with this brief, at ¶ 3. During the course of its representation of Mr. Warfield, the Law Firm corrected any erroneous claim forms that had been submitted on Mr. Warfield's behalf. Id. at ¶ 4. In addition, the Law Firm amended Mr. Warfield's interrogatory answers to conform with the information provided in the corrected claim forms. Id. The Law Offices of Peter G. Angelos amended the claim forms and interrogatory answers and did not oppose postponing Mr. Warfield's trial against remaining defendants. Id. at ¶ 5. However, after the claim forms were disclosed, the Law Firm resolved Mr. Warfield's case with the remaining defendants. Id. This included settlement with a joint compound manufacturer to whose products Mr. Warfield alleged exposure (in addition to the products of Georgia-Pacific) while working as a

carpenter at the National Security Agency in Fort Meade, Maryland from approximately 1965 through the latter part of the 1970s. Id. at ¶ 6. Finally, because Maryland is a joint and several liability jurisdiction, the claim forms at issue were wholly irrelevant to the ultimate liability of Georgia-Pacific in Mr. Warfield's case. See Eagle-Picher Indus., Inc. v. Balbos, 326 Md. 179, 209, 604 A.2d 445, 459 (1992) (holding that "[]in products liability involving asbestos, where the plaintiff has sufficiently demonstrated both lung disease resulting from exposure to asbestos and that the exposure was to the asbestos products of many different, but identified, suppliers, no supplier enjoys a causation defense solely on the ground that the plaintiff would probably have suffered the same disease from inhaling fibers originating from the products of other suppliers.").

It further bears emphasizing that, though Bestwall claims that the information it seeks regarding Mr. Warfield is "crucial discovery" for purposes of the estimation proceedings before the Bankruptcy Court, Resp. at 14, Bestwall *did not include* Mr. Warfield's claim (GP GP.1D03E52) in the 1501-claim sample that it proposed for use in the estimation hearing before the Bankruptcy Court. See Ex. A at 22-49. This glaring inconsistency begs the true nature of Bestwall's need for any information regarding Mr. Warfield's claim (indeed, if not all of the Selected Plaintiffs' claims) from the Law Firm.

Accordingly, Mr. Warfield's case is *not* an example of abusive, fraudulent asbestos litigation, as it has been alleged by Bestwall in the Response. Further, as evidenced by Bestwall's omission of this case from the Resolved Claims Sample Motion, Bestwall has not demonstrated that the information it seeks regarding Mr. Warfield's litigation is relevant or proportional to the needs of the estimation proceedings before the Bankruptcy Court.

### b. Dahlgren Article

Bestwall argues that the information it seeks regarding the Dahlgren Article is within the scope of Civil Rule 26 and 45 because the Dahlgren Article "has been used against Bestwall in several cases since 2012 as a basis to claim Bestwall's joint compound products were hazardous." Resp. at 28.

First, and most significantly, Bestwall *does not allege* that the Law Firm ever used the Dahlgren Article in litigation against it (or its predecessor). Nor does Bestwall dispute that it has equal access to, or already possesses, the information that it seeks from the Law Firm in this regard. See Resp. at 28 ("The fact that Bestwall may already possess some information related to Angelos's use of the Dahlgren Article in litigation does not relieve [the Law Firm] of its responsibility to respond to relevant and proper discovery."). Yet, Bestwall contends that it is "*entitled* to depose [the Law Firm] about its use of the Dahlgren Article in cases against Bestwall, to understand the impact an article based on incorrect evidence may have had on Bestwall's settlement history." Id. Bestwall's circular reasoning does not satisfy the requirements of Civil Rules 26 and 45: this argument does not demonstrate that this information is relevant or proportional to the needs of the estimation hearing.

Second, as discussed in the Motion to Quash, the information Bestwall seeks concerning the Law Firm's alleged "use" of the Dahlgren Article (if any) indisputably encroaches on information that is protected by the attorney work-product doctrine. Depositing the Law Firm regarding its trial strategies is clearly an impermissible intrusion into an attorney's work. Though Bestwall claims that it seeks only "nonprivileged" information, Resp. at 22, this claim is belied by the fact that Bestwall has equal access to the public court dockets for any case in which the Dahlgren Article was allegedly used against it. Accordingly, Bestwall already has sufficient access

to any nonprivileged information that it seeks regarding the Law Firm's use, if any, of the Dahlgren Article.

### III. The Shelton Standard Applies in these Circumstances and Bestwall has Failed to Meet it.

It is Bestwall's (flawed) position that the test for deposing counsel that was established in Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), does not apply to these circumstances because the Law Firm "has never been counsel to a party to the estimation proceeding in the Bankruptcy Case." Resp. at 21. Bestwall fails to account for the fact that the Law Firm is asbestos counsel for numerous potential creditors to the bankruptcy estate, and therefore, "parties in interest" to the estimation hearing. As noted in the Motion to Quash, the information Bestwall seeks involves legal decisions and work product created during the course of the Law Firm's representation of the Selected Plaintiffs, and those same analyses and work product would be relevant to the pending claims of other claimants as well as the estimation thereof.

Accordingly, the protections of Shelton extend to the Law Firm, see Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc., 237 F.R.D. 215, 219–20 (D. Neb. 2006), and though Bestwall claims to have satisfied the high standard of Shelton, it has not: (1) as described in the Motion to Quash and throughout this Reply, Bestwall has other means for obtaining the information sought by the Subpoenas; (2) Bestwall has neither demonstrated that the information is relevant or nonprivileged; and (3) Bestwall has not demonstrated that this information is "crucial" to Bestwall's case in the estimation proceedings.

Should the Court determine that Shelton standard does not apply in these circumstances, Bestwall must still "demonstrate that there has a been a waiver of the attorney-client privilege and that the work product privilege has either been waived or that the standard of the Federal Rule of

Civil Procedure 26(b)(3) has been satisfied." Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 731 (8th Cir. 2002). Bestwall has plainly failed to meet these requirements: as discussed above, Bestwall has not demonstrated a substantial need for deposing the Law Firm, nor has it demonstrated that it cannot obtain this information by other means.[16]

## CONCLUSION

WHEREFORE, the Law Firm respectfully requests that the Court issue an Order quashing the Subpoenas or, in the alternative, modifying the Subpoenas to conform with the requirements of Federal Rules 26 and 45, and to grant The Law Firm any other relief as is just and proper under the circumstances.

This, the 21st day of February 2022.

**THE LAW OFFICES OF E. DAVID HOSKINS, LLC**

/s/ E. David Hoskins
E. David Hoskins, Esq., No. 06705
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
davidhoskins@hoskinslaw.com

**WALDREP WALL BABCOCK
& BAILEY PLLC**

/s/ Thomas W. Waldrep, Jr.
Thomas W. Waldrep Jr. (NC State Bar No. 11135)
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
E-mail: notice@waldrepwall.com

*Counsel for Peter Angelos Law, P.C.*

---

[16] Under subsection (b)(3) of Civil Rule 26, a party may not discover privileged information unless "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b).

14

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document was served on all attorneys of record in the above entitled and number cause via CM/ECF:

>Charles Neilson Curlett, Jr.
>Rosenberg Martin Greenberg, LLP
>25 S. Charles St.
>21st Floor
>Baltimore, MD 21201
>Email: ccurlett@rosenbergmartin.com
>
>George Adam Ruther
>Rosenberg Martin Greenberg, LLP
>25 S. Charles St.
>Suite 2115
>Baltimore, MD 21201
>Email: aruther@rosenbergmartin.com
>
>Garland S. Cassada
>Robinson Bradshaw and Hinson PA
>101 N Tryon Street Ste 1900
>Charlotte, NC 28246
>Email: gcassada@robinsonbradshaw.com
>
>Richard C. Worf, Jr.
>Robinson Bradshaw and Hinson PA
>101 N Tryon St Ste 1900
>Charlotte, NC 28246
>Email: rworf@robinsonbradshaw.com

>*/s/ E. David Hoskins*
>E. David Hoskins, Esq., No. 06705